T.C. Memo. 2003-27

UNITED STATES TAX COURT

TRACEE CREEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4344-01.                    Filed January 30, 2003.

Tracee Creen, pro se.

<u>Jeanne Gramling</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before us on respondent's
motion to dismiss for lack of prosecution.  At the request of
respondent, on October 7, 2002, the Court held a trial solely for
the purpose of permitting respondent to present evidence to

satisfy the burden of proof under Rule 142(a)[1] that respondent has with respect to the increased deficiency in Federal income tax (tax) alleged in respondent's amendment to answer.

## Background

The record establishes and/or the parties do not dispute the following:

At the time petitioner filed the petition, petitioner's mailing address was in Tryon, North Carolina.

During 1998, Spartanburg Regional Medical Center (Spartanburg Medical Center) employed petitioner and paid her $16,679.62 in wages. During that year, Spartanburg Medical Center deposited all of petitioner's wages directly into her bank account, except for $99.16 that it paid petitioner by check. Spartanburg Medical Center reported the wages that it paid petitioner during 1998 in Form W-2, Wage and Tax Statement (Form W-2).[2]

In the notice of deficiency (notice) issued to petitioner for her taxable year 1998, respondent determined a deficiency in petitioner's tax of $911 attributable to a State tax refund and certain nonemployee compensation that she received during that

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect at all relevant times.

[2] As reflected in Form W-2, during 1998 Spartanburg Medical Center withheld $1,459.54 in tax from petitioner's wages.

year, but respondent did not determine a deficiency of $1,459 attributable to petitioner's wage income that she received during 1998 from Spartanburg Medical Center.

On August 19, 2002, respondent filed a motion for leave to file an amendment to answer (respondent's motion to amend answer), in which respondent alleged an increased deficiency for petitioner's taxable year 1998 in the amount of $1,459 attributable to petitioner's wage income of $16,679.62 from Spartanburg Medical Center.[3]

On August 20, 2002, the Court ordered petitioner to file a written response to respondent's motion to amend answer.  On September 4, 2002, instead of filing such a response, petitioner submitted to the Court a document that the Court had filed as petitioner's motion to dismiss (petitioner's September 4, 2002 motion to dismiss).

In an Order dated September 5, 2002 (September 5, 2002

---

[3]In respondent's amendment to answer, respondent alleges in part:

> (c) Inasmuch as the Service Center initially assessed the income from Spartanburg Regional Medical Center under the math error provisions of I.R.C. § 6213(b)(1), respondent did not include the * * * $16,679.62 from Spartanburg Regional Medical Center in his determination of unreported income set forth in the notice of deficiency for 1998 * * *

> (d) Subsequently, respondent * * * abated the math error assessment of the tax resulting from the income received from Spartanburg Regional Medical Center.

Order), the Court granted respondent's motion to amend answer and denied petitioner's September 4, 2002 motion to dismiss. In that Order, the Court indicated that petitioner's September 4, 2002 motion to dismiss contained various statements, arguments, and contentions that the Court found to be frivolous and/or ground- less.[4] In the Court's September 5, 2002 Order, the Court re-

---

[4]The following excerpts from petitioner's September 4, 2002 motion to dismiss illustrate the various frivolous and/or ground- less statements, arguments, and contentions contained in that motion:

1.  Very few citizens and residents of the United States, domestic corporations, trusts, partner- ships, etc., are liable for federal income taxes imposed by Subtitle A of the Internal Revenue Code that require keeping books and records and filing returns. Taxing and liability statutes do not apply to income sources, articles, activities and transactions of the American people and domestic juristic entities other than those who receive income from foreign sources, insular possessions of the United States, and maritime activity regu- lated by treaty. * * *

    *       *       *       *       *       *       *

4.  Court documents and published district and circuit court decisions verify that the Internal Revenue Service is agent of the [federal] United States of America, not Government of the United States. * * * Court records therefore verify that Internal Revenue Service personnel are agents of a foreign government and Internal Revenue Service claims are made on behalf of a government foreign to the United States.

    *       *       *       *       *       *       *

    U.S. Tax Court subject matter jurisdiction is limited to determining the correct amount of a defi-
                                                    (continued...)

minded petitioner about section 6673(a)(1)[5] and indicated that it would be inclined to impose a penalty on her under that section not in excess of $25,000 in the event that she continued to make

---

[4](...continued)
ciency and whether or not proper procedure was used for determining the deficiency. Where venue, subject matter jurisdiction and other collateral issues are concerned, and where IRS personnel malfeasance and misfeasance are concerned, district courts of the United States, and under some circumstance, common law courts in States of the Union, have subject matter jurisdiction. Further, the U.S. Tax Court, which now appears to be classified as an Article I court of the United States, does not proceed in the course of the common law, as required by the Fifth, Sixth and Seventh Amendment to the Constitution of the United States, so it is incompetent to provide remedies prescribed by the Constitution and laws of the United States. Therefore, I move for the U.S. Tax Court to dismiss this matter for lack of subject matter jurisdiction. [Reproduced literally.]

[5]Sec. 6673(a)(1) provides in pertinent part:

SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, [or]

(B) the taxpayer's position in such proceeding is frivolous or groundless, * * *

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

frivolous and/or groundless statements, contentions, and/or arguments.

On at least five separate occasions during July, August, and September 2002, respondent unsuccessfully attempted to contact petitioner through written correspondence for the purpose of preparing this case for trial. At least during the pendency of the instant proceeding, petitioner has failed to cooperate with respondent.

On October 7, 2002, this case was called from the Court's trial calendar (calendar call) at the Court's trial session in Columbia, South Carolina. Neither petitioner nor any authorized representative of petitioner appeared. Counsel for respondent appeared and filed with the Court a motion to dismiss this case for lack of prosecution on those issues in the case on which respondent claims petitioner has the burden of proof. The Court indicated that the Court would recall this case for hearing on that motion on October 9, 2002. The Court instructed respondent to attempt to send to petitioner via overnight delivery a copy of respondent's motion to dismiss for lack of prosecution together with a cover letter advising her that the Court had set that motion for hearing on October 9, 2002, and that the Court would grant respondent's motion to dismiss for lack of prosecution if petitioner did not appear at that hearing. At the calendar call, counsel for respondent requested the Court to hold a trial on the

increased deficiency alleged in respondent's amendment to answer on which respondent has the burden of proof.

On October 7, 2002, this case was recalled for trial on the increased deficiency alleged in respondent's amendment to answer. Neither petitioner nor any authorized representative of petitioner appeared. Respondent appeared, and the Court held a trial on the increased deficiency alleged by respondent.[6]

On October 9, 2002, this case was recalled for a hearing on respondent's motion to dismiss for lack of prosecution. Neither petitioner nor any authorized representative of petitioner appeared. Counsel for respondent appeared and informed the Court that on October 7, 2002, she had sent to petitioner by U.S. Postal Service Express Mail and by facsimile a copy of respondent's motion together with a transmittal letter informing petitioner of the hearing on respondent's motion to dismiss for lack of prosecution that the Court scheduled on October 9, 2002, and of the consequences of her failure to appear at that hearing.

On October 10, 2002, the Court received a document from petitioner that the Court had filed as petitioner's motion to dismiss (petitioner's October 10, 2002 motion to dismiss).

In an Order dated October 16, 2002 (October 16, 2002 Order), the Court denied petitioner's October 10, 2002 motion to dismiss.

---

[6]The Court ordered the parties to file posttrial briefs. Petitioner failed to file a brief in this case.

In that Order, the Court indicated that petitioner's October 10, 2002 motion to dismiss, like petitioner's September 4, 2002 motion to dismiss, contained various statements, arguments, contentions, and/or questions that the Court found to be frivolous and/or groundless.[7]  In the Court's October 16, 2002 Order,

---

[7]Petitioner's October 10, 2002 motion to dismiss restated certain of the frivolous and/or groundless statements, arguments, and contentions contained in petitioner's September 4, 2002 motion to dismiss and set forth additional frivolous and/or groundless statements, arguments, contentions, and/or questions. By way of illustration, petitioner's October 10, 2002 motion to dismiss stated:

> In order to resolve existing and/or avert future controversy, the following must be objectively proven in record for calendar years specified above.  Please address all questions and, where necessary, provide documentary and whatever other evidence that supports the findings:
>
> 1.  What class or classes of tax are at issue, i.e., what taxing and liability statues, along with implementing regulations, make me a person liable for keeping books and records and filing returns? (Sixth Amendment right to know the nature of the action)
>
> 2.  What internal revenue district, established in compliance with requirements of 26 U.S.C. § 7621 and Executive Order #10289, is the situs of the taxable articles, activities and/or transactions from which the alleged taxable income was derived?
>
> 3.  What delegated authority, whether statutory or otherwise, does IRS have for administering the class or classes of tax at issue? (See 5 U.S.C. § 558(b))
>
> 4.  What "officer, employee, or agency of the Treasury Department [or] other officer of the United States" is the delegate of the Secretary for purposes of collecting income and employment taxes imposed by Chapters 1,

(continued...)

the Court reminded petitioner about the Court's September 5, 2002 Order, in which the Court had indicated that it would be inclined to impose a penalty not in excess of $25,000 on her pursuant to section 6673(a)(1) if she continued to make frivolous and/or groundless statements, contentions, and/or arguments.

## Discussion

We turn first to respondent's motion to dismiss for lack of prosecution.  It is respondent's position that petitioner has the burden of proof on the determinations in the notice which that motion addresses because petitioner failed to cooperate with respondent in the preparation of this case for trial.  Petitioner does not dispute respondent's position.  On the record before us, we agree with respondent that petitioner bears the burden of proof with respect to the determinations in the notice.  See sec. 7491(a)(1) and (2)(B).

Neither petitioner nor any authorized representative of petitioner appeared at the hearing on October 9, 2002, on respon-

[7](...continued)
2 and 21 of the Internal Revenue Code in States of the Union? (26 U.S.C. § 7701(a)(1)(A))

5.   What order, agreement, contract or other such legal document or device does the Internal Revenue Service have that authorizes examination and collection activity on behalf of the "delegate" of the Secretary, as defined at 26 U.S.C. § 7701(a)(12)(A), in States of the Union? See §§ 1001(b)(2) of P.L. 105-206.

dent's motion to dismiss for lack of prosecution.[8]  The record in this case does not contain any valid reason why the Court should not dismiss this case for lack of prosecution.

We turn now to the trial in this case that the Court held at respondent's request on the increased deficiency for 1998 alleged in respondent's amendment to answer on which respondent has the burden of proof.  Neither petitioner nor any authorized representative of petitioner appeared at that trial.  Respondent appeared and established at the trial that during 1998 petitioner received $16,679.62 in wages from Spartanburg Medical Center.  On the record before us, we find that respondent has carried respondent's burden of proof with respect to the increased deficiency of $1,459 with respect to those wages alleged in respondent's amendment to answer.

Based on our examination of the entire record before us, we shall grant respondent's motion to dismiss this case for failure by petitioner to prosecute, and we shall enter a decision sustaining the deficiency determination of $911 in the notice, increased by $1,459 as alleged in respondent's answer to amendment.[9]

---

[8]Nor did petitioner or any authorized representative of petitioner appear on Oct. 7, 2002, at the calendar call.

[9]In an appendix to respondent's brief, respondent states that "A federal withholding credit in the amount of $1,460 will be applied against the deficiency" for petitioner's taxable year

(continued...)

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), the Court will sua sponte determine whether to impose such a penalty. Neither petitioner nor any authorized representative of petitioner appeared on October 7, 2002, at the calendar call or at the trial in this case. Nor did petitioner or any authorized representative of petitioner appear at the hearing on October 9, 2002, on respondent's motion to dismiss for lack of prosecution. Moreover, in the Court's September 5, 2002 Order, the Court indicated that petitioner's September 4, 2002 motion to dismiss contained various statements, arguments, and contentions that the Court found to be frivolous and/or groundless. In that Order, the Court also indicated it would be inclined to impose a penalty on petitioner under that section not in excess of $25,000 in the event she continued to make frivolous and/or groundless statements, contentions, and/or arguments. Petitioner nonetheless persisted in petitioner's October 10, 2002 motion to dismiss in advancing various statements, arguments, contentions, and questions that the Court found to be frivolous and/or groundless.

On the record before us, we find that petitioner instituted and maintained this case primarily for delay. We further find on that record that petitioner's position in this case is frivolous

---

[9](...continued)
1998.

and/or groundless.  On the record before us, we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $250.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of prosecution and decision will be entered</u>.